# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSE PORTALATIN,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01166-O-BP |
| | § | |
| **MARILYN CAVALIE,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motions to Dismiss that each of the following defendants filed on the dates shown: Haynes and Boone, LLP, Cecilia Hernandez, Austin Sabin, and Brian Singleterry on February 13, 2025 (ECF No. 14); Texas A&M University School of Law ("TAMU") on February 13, 2025 (ECF No. 23); Karen L. Rowden and Amber Elliot Tilley on February 13, 2025 (ECF No. 24); Cynthia Gustafson on February 20, 2025 (ECF No. 28); Judges Jessy Nevarez, David Evans, and Wayne Salvant on February 20, 2025 (ECF No. 30); Christopher Norris on February 25, 2025 (ECF No. 36); Keisha B. Ennis, Stacy Franco, and Suzanne Lebet on March 3, 2025 (ECF No. 39); Exp Realty, Tierney Jordan, Walsh Jordan, and Tierney Jordan Network Group ("TJNG") on March 6, 2025 (ECF No. 41); and Maryjo Gutierrez on May 6, 2025 (ECF No. 46). Although she was served with process, Defendant Patricia Lambis has not yet appeared.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor (1) **GRANT** the Motions to Dismiss (ECF Nos. 14, 23, 24, 28, 30, 36, 39, 41, 46), and (2) **DISMISS** Plaintiffs' claims for violation of criminal statutes; (3) **DISMISS** Plaintiffs' claims against Judge Nevarez, Judge Evans, Judge Salvant, Haynes and Boone, Hernandez, Sabin, Singleterry, and Norris; (4) **DISMISS**

Plaintiffs' claims against TAMU and Plaintiffs' claims against Rowden, Tilley, and Gustafson in their official capacities **WITHOUT PREJUDICE**; (5) **DISMISS** Plaintiffs' claims against Ennis, Franco, Lebet, Gutierrez, Rowden, and Tilley in their individual capacities; (6) **DISMISS** Plaintiffs' claims against Gustafson, Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG under 42 U.S.C. § 1983; (7) **DECLINE** to exercise supplemental jurisdiction over Plaintiffs' state law claims against Gustafson, Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG, and **DISMISS** those claims **WITHOUT PREJUDICE**; (8) **ABSTAIN** from exercising jurisdiction over Plaintiffs' claims concerning any previous and ongoing state court case, and  **DISMISS** those claims **WITHOUT PREJUDICE**; (9) **DISMISS** Plaintiffs' claims against Lambis **WITHOUT PREJUDICE**; and (10) **DISMISS** Plaintiffs' claims against Marylin Cavalie, Sarah Pricer, Kerry Owens, Alam Sepulveda Caraballo, Denise Hallmark, Junior Jose Herrera, and Joe Angel Morales **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure to serve them in a timely manner.

## I.      BACKGROUND

### A.      Facts

This case concerns a domestic relations dispute in state court recast as a federal court civil rights and fraud case and request for criminal prosecution.

Plaintiffs sue twenty-eight individuals and entities including attorneys, judges, a real estate broker and brokerage firm, a law school, and a law firm. ECF No. 1. Plaintiffs' complaint is difficult to decipher, but explicitly includes causes of action for violation of civil rights, fraud, and conspiracy to commit fraud. *Id*. at 5. Plaintiffs misspelled many of the Defendants' names in their complaint. The Court uses the correct spelling of the names based on the Defendants' Motions to Dismiss. Plaintiff Jose Portalatin filed an "Affidavit in Support of Criminal Complaint," in which

he recounts a slew of facts regarding a relationship and potential marriage with Marylin Cavalie, along with property and custody disputes arising from the dissolution of that relationship. *Id*. at 8-19. The affidavit also contains additional relief that Portalatin seeks to recover that differs from the relief he seeks in the first half of the complaint. ECF No. 1 at 18.

### B.    Procedure

Plaintiffs' complaint first asserts that "the actions taken by Defendants, specifically the acts of fraud and manipulation of judicial processes, constitute a violation of Plaintiffs' rights under 42 U.S.C. § 1983," and "that these actions adversely impacted their rights to due process and equal protection under the law." *Id*. at 5. Plaintiffs then assert "claims for fraud against the Defendants for making false representations concerning the property belonging to [Plaintiff Jose Barreto], which were made with the intent to deceive and induce reliance, resulting in damages…" *Id*. Finally, Plaintiffs assert that Defendants "conspired to commit fraud, as defined under 18 U.S.C. § 371, creating an unlawful agreement to defraud the Plaintiffs…" *Id*.

As to the individual defendants, Plaintiffs allege that Cavalie's "primary concern and motive are to unlawfully acquire and steal a property that rightfully belongs to [Barreto], which is valued at more than $350,000. This scheme involved the submission of false information and the commission of perjury to subvert the judicial process to her advantage." *Id*. at 4.

Plaintiffs allege that the following defendants "have actively participated in, facilitated, and acquiesced to the fraudulent schemes orchestrated by Cavalie, thereby contributing to the manipulation of judicial outcomes:" Judge Nevarez, Sarah Pricer, Kerry Owens, Alam Sepulveda Caraballo, Norris, Tierney Jordan, Singleterry, Gustafson, Walsh Jordan, Hernandez, Lambis, Sabin, Rowden, Tilley, TAMU, Ennis, Lebet, Denise Hallmark, Judge Evans, Gutierrez, Franco, Judge Salvant, Junior Jose Herrera, and Joe Angel Morales. *Id*. at 4-5. Plaintiffs further assert that

Defendants' actions "constitute violations of Texas Penal Code § 32.46, concerning fraud, and § 37.10, pertaining to tampering with evidence, as well as violations of the Texas Family Code § 6.005 in relation to proper grounds for divorce." *Id*. at 5.

Plaintiffs ask the Court to "issue a stay of any and all pending actions involving Defendants [Cavalie] and [Portalatin] in any state court or other jurisdiction until the resolution of the current federal claims." ECF No. 1 at 6. Plaintiffs did not plead any facts as to the state proceedings for which they seek injunctions and stays. It is thus unclear how many pending actions Plaintiffs request the Court to stay, and what those cases concern.

Plaintiffs pray for "[a]n order enjoining and restraining Defendants from engaging in any further fraudulent activities related to the judicial process," for "[a]n order compelling Defendants to cease and desist from all actions that manipulate or undermine the integrity of the judicial system," for "[a]n order that [Cavalie] be held liable for court costs in the amount of $50,000, actual damages, pre-judgment interest, and any other additional damages as determined by the court," for "[a]n order to stay any pending actions related to this matter, preserving jurisdiction until the resolution of the claims herein," and for any other relief as the Court deems just and equitable, "including, but not limited to, an award for pain and suffering, harassment pursuant to 42 U.S.C. § 1988, or other monetary compensation." *Id*.

Collectively, Defendants filed nine Motions to Dismiss in response to the plaintiffs' complaint.

1.      Defendants Haynes and Boone, Hernandez, Sabin, and Singleterry seek dismissal based on Federal Rules of Civil Procedure 12(b)(6), 9(b), and 9(f). ECF No. 14. They argue that they are entitled to attorney immunity; that Plaintiffs fail to plead the required elements of a § 1983 claim, common law fraud, and conspiracy; and that the Court should not grant Plaintiffs leave to

4

amend the complaint because any amendments would be futile. *Id*. In the alternative, they request a more definite statement under Federal Rule of Civil Procedure 12(e). *Id*.

These defendants describe two state court cases involving Portalatin and Cavalie. First, Haynes and Boone "represents Cavalie in *Cavalie v. Portalatin, Jr., A&K Probrokers LLC, ServBank Holdco, Inc. and ServBank, SB*, Cause No. 325-759290-24, pending in the 325th Judicial District Court of Tarrant County, Texas." ECF No. 14 at 9. Singleterry represents Cavalie in this ongoing state case. *Id*. Defendants explain that Cavalie filed a petition and application for a temporary restraining order on October 31, 2024, to prevent foreclosure of a property located at 4207 Bayside Court, Arlington, TX 76016. *Id*. In the second case, *In the Matter of the Marriage of Jose Miguel Portalatin, Jr. and Marylin Dianne Cavalie*, Cause No. 231-635708-18, the 231st Judicial District Court of Tarrant County, Texas, entered a Final Divorce Decree on July 1, 2021. *Id*. at 9-10. Defendants assert that the 325th District Court entered a temporary restraining order in the ongoing state case that arose from the divorce case in the 231st District Court. *Id*.

2.    TAMU, Rowden, and Tilley seek dismissal under Rules 12(b)(1) and 12(b)(6). ECF Nos. 23, 24. TAMU employs Rowden and Tilley in the Family and Veterans Advocacy Clinic. *Id*. These defendants argue that Plaintiffs lack standing to bring this suit, that Eleventh Amendment sovereign immunity protects them from liability, that abstention doctrines preclude the Court from exercising jurisdiction over state court matters, and that Plaintiffs fail to state a claim for which relief may be granted. *Id*. Rowden and Tilley also assert that they are entitled to qualified immunity to the extent that Plaintiffs sue them in their individual capacities. ECF No. 24.

3.    Gustafson seeks dismissal under Rule 12(b)(6), arguing that Plaintiffs fail to state a § 1983 claim and fraud claims against her. ECF No. 28.

4.      Judges Nevarez, Evans, and Salvant urge dismissal under Rules 12(b)(1) and 12(b)(6). ECF No. 30. They argue that Plaintiffs lack standing, that Eleventh Amendment sovereign immunity, judicial immunity, and qualified immunity protect them from suit, that the *Rooker-Feldman* and *Younger* doctrines bar Plaintiffs' claims, and that Plaintiffs fail to state a claim upon which relief may be granted. *Id.*

5.      Norris argues for dismissal based upon attorney immunity and Plaintiffs' failure to plead the required elements of a § 1983 claim, common law fraud, and conspiracy. ECF No. 36. He asserts that dismissal should be without leave to amend because any amendments would be futile. *Id.* In the alternative, he requests a more definite statement under Rule 12(e). *Id.*

6.      Ennis, Franco, and Lebet seek dismissal under Rules 12(b)(1) and 12(b)(6) because Plaintiffs lack standing, these defendants are entitled to qualified immunity, and Plaintiffs do not state a claim upon which relief may be granted. ECF No. 39. These defendants are officers of the Tarrant County Community Supervision and Corrections Department. *Id.*

7.      Tierney Jordan, Exp Realty, TJNG, and Walsh Jordan request dismissal under Rules 12(b)(1) and 12(b)(6). ECF No. 41. They argue that Plaintiffs fail to plead the required elements of a § 1983 claim, common law fraud, and conspiracy. *Id.* They also argue that Plaintiffs fail to satisfy the pleading standard under Rules 9(b) and 9(f). *Id.* In the alternative, they request a more definite statement under Rule 12(e). *Id.*

8.      Gutierrez seeks dismissal under Rules 12(b)(1) and 12(b)(6). ECF No. 46. She argues that Plaintiffs lack standing, that she is entitled to qualified immunity, and that Plaintiffs fail to state a claim upon which relief may be granted. *Id.* Gutierrez is a former employee of the Tarrant County Community Supervision and Corrections Department. *Id.*

Plaintiffs did not respond to any of the pending Motions to Dismiss.

Plaintiffs also named Cavalie, Pricer, Owens, Caraballo, Hallmark, Herrera, and Morales in their suit but did not serve them with process as Federal Civil Rule of Procedure 4(m) requires.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery*, 243 F.3d at 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332 (2024). Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### B.    Judicial Immunity

Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id.* Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions "taken in the complete absence of all jurisdiction." *Id.* Courts must construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

### C.    Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

**D.    42 U.S.C. § 1983**

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss § 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the initial issue before the Court "is not whether a plaintiff will ultimately prevail but whether [they are] entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

E.     *Rooker-Feldman* **Doctrine**

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine invokes 28 U.S.C. § 1257 in limiting federal judicial review of state court judgments to the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale is "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke*, 18 F.3d at 317 (alterations in original) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)).

*Rooker-Feldman* does not apply, however, until "a party suffer[s] an adverse final judgment rendered by a state's court of last resort." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). A party proceeding in Texas state court suffers such a judgment if the Texas Supreme Court disposes of that party's petition for review of a state court decision. *Compare id.* at 495 (*Rooker-Feldman* did not apply because petition for review was pending before Texas Supreme Court), *with Batista v. Carter*, No. H-19-113, 2019 WL 1586773, at *3 n.7 (S.D. Tex. Apr. 12, 2019) (citing *Gross*, 736 F. App'x at 494) (*Rooker-Feldman* applied because Texas Supreme Court had denied petition for review), *aff'd*, 796 F. App'x 209 (5th Cir. 2020); *see also* Tex. R. App. P. 53.1 (discussing petitions for review). If applicable, *Rooker-Feldman* prohibits the losing party in state court from suing in federal district court to overturn the state court decision, as federal judicial review then rests solely with the United States Supreme Court. *Exxon Mobil Corp.*, 544 U.S. at 291.

### F. *Younger* Abstention Doctrine

Federal courts generally must decide cases within their jurisdiction. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts must ensure that abstention under *Younger* would not be proper in cases before them and may raise the issue *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

### G. Attorney Immunity

Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019). Attorney immunity is true immunity from suit. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016). It is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates." *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied). Attorney immunity applies to all "actions taken in connection with representing a client in litigation," even wrongful conduct that is "part of the discharge of the lawyer's duties in

representing his or her client," so long as it is not "entirely foreign to the duties of an attorney." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 767 (5th Cir. 2019).

Texas courts grant attorney immunity "at the motion to dismiss stage [where] the scope of the attorney's representation – and thus entitlement to the immunity – [i]s apparent on the face of the complaint." *Id.* at 763. An attorney who pleads the affirmative defense of attorney immunity has the burden to prove that her alleged wrongful conduct, regardless of whether it is labeled fraudulent, is part of the discharge of her duties to her client. *See Cantey Hanger*, 467 S.W.3d at 483-84 (Tex. 2015).

### H.    Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022)

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cty.*, 948 F.3d 281, 287 (5th Cir. 2020).

## I.    *Pro Se* Standard

Courts must liberally construe the pleadings of parties appearing without counsel, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). If the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## J.    Dismissal With or Without Leave to Amend

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Id*. An incurable defect may arise when a complaint's facts are "not actionable as a

matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones*, 188 F.3d at 327.

### K.    Supplemental Jurisdiction

When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). But a district court may "decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." *Alford v. State Parking Servs.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014) (*see also* 28 U.S.C. § 1367(c)(3)).

## III.    ANALYSIS

### A.    Plaintiffs cannot assert a criminal complaint against Defendants.

"Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-cv-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). Nor may a private party enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. July 31, 2007). There also is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). While the title of Plaintiffs' complaint, "Complaint for Injunctive Relief," does not in itself identify it as being a criminal complaint, the affidavit attached to the complaint is entitled "Affidavit in Support of Criminal Complaint." ECF No. 1. Further, Plaintiffs bring a cause of action for "Conspiracy to

Commit Fraud," and specifically mention 18 U.S.C. § 371, which is a criminal statute. *Id.* at 5. Plaintiffs also allege violations of Texas Penal Code § 32.46, "concerning fraud." *Id.* While it is unclear whether Plaintiffs seek relief under federal or state criminal law, to the extent they bring a "criminal complaint" and seek to impose criminal liability on the defendants, their claim is not properly before this Court and should be dismissed.

**B.    Plaintiffs cannot bring criminal charges against Defendants.**

Even if Plaintiffs' "Criminal Complaint" were properly before the court, the law does not provide Plaintiffs with a private right of action to pursue civil liability for violation of criminal statutes, as private citizens generally have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Plaintiffs explicitly bring claims under 18 U.S.C. § 371 and Texas Penal Code § 32.46, both criminal statutes. ECF No. 1 at 5. Plaintiffs cannot assert violations of the Texas Penal Code or the criminal provisions of the United States Code as a claim for civil liability. *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-0958-D, 2015 WL 221085, at *9 n.3 (N.D. Tex. Jan. 15, 2015); *Gill*, 153 F. App'x at 262. To the extent their claims are based on alleged violations of state and federal criminal statutes, Plaintiffs fail to state a claim upon which relief may be granted. Because these defects cannot be cured by amendment, Judge O'Connor should dismiss Plaintiffs' claims for criminal liability with prejudice. *See Armbrister v. McFarland*, No. 3:18-cv-1211-B-BH, 2018 WL 6004310, at *4 (N.D. Tex. Oct. 30, 2018), *rec. adopted,* No. 3:18-cv-1211-B-BH, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018) (finding that *"courts 'have repeatedly held that violations of criminal statutes ... do not give rise to a private right of action' and dismissed such claims with prejudice under Rule 12(b)(6).")* (quoting *Leeds v. Tex. Dep't of Family and Protective Servs.*, No. 3:14-cv-3578-N-BK, 2015 WL 4736567, at *2 (N.D. Tex. Aug. 10, 2015)).

**C.** **Judges Nevarez, Evans, and Salvant are entitled to judicial immunity.**

Judges Nevarez, Evans, and Salvant enjoy judicial immunity from civil actions for any judicial act over which their court has jurisdiction, thus dismissal is proper. *Stump*, 435 U.S. at 356 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11. Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id*. Repeatedly, district courts have found that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Ramirez v. Abdal Khallaq*, 4:17-cv-093-Y, 2019 WL 764420, at *3 (N.D. Tex. Feb. 21, 2019); *Morgan v. City of Fort Worth, Tex.*, 4:13-cv-004-Y, 2013 WL 3196580, at *2 (N.D. Tex. June 25, 2013) (involving, among others, a Tarrant County associate family law judge); *see Mireles*, 502 U.S. at 11 (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) & *Stump*, 435 U.S. at 360); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

A plaintiff can overcome absolute judicial immunity only if he shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Judicial immunity applies to civil allegations of conspiracy and fraud as Plaintiffs assert here. *See e.g., Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well-established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.") (citing *Sparks v. Duval Ranch Co*., 604 F.2d 976 (5th Cir. 1979)). Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief. 42 U.S.C. § 1983.

While Plaintiffs do not specify whether they sue the judges in their official or individual capacity, all facts that they assert relate to the judges' exercise of judicial functions. Thus, the Court construes the Plaintiffs' claims as being against the judges in their official capacity. However, Plaintiffs do not show that the judges' actions were nonjudicial in nature or that they took them in the complete absence of jurisdiction.

Plaintiffs' claims against Judge Nevarez stem from his "failure to recognize [Portalatin's] legal marriage" and property disputes stemming from the divorce proceeding in the family court. ECF No. 1 at 13. These claims appear to relate to the judge's rulings in the course of his official duties in the divorce case. Against Judge Evans, Plaintiffs only assert that he failed to recuse Judge Nevarez. *Id.* But Plaintiffs assert no facts to show that Judge Nevarez had a conflict of interest that necessitated his recusal from previous state proceedings. Even so, the decision not to recuse warrants immunity. *See Brenham v. Rosenberg*, No. 3:21-cv-2972-B-BN, 2021 WL 6297750, at *2 (N.D. Tex. Dec. 6, 2021) (quoting *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409, 412 (5th Cir. 2009)) ("Neither '[r]ecusal' nor, by implication, the failure to recuse is 'the type[ ] of administrative or ministerial conduct for which judicial immunity is unavailable.'"), *rec. adopted*, 2022 WL 60350 (N.D. Tex. Jan. 6, 2022).

Plaintiffs attack an order Judge Salvant issued prohibiting Portalatin from entering a property he managed and claim that he "acted in all absence of jurisdiction in issuing a warrant for [Portalatin's] arrest." ECF No. 1 at 14, 18. However, issuance of an arrest warrant was a judicial action well within Judge Salvant's jurisdiction under article 15.03 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 15.03 (West 2025). Simply claiming that Judge Salvant was acting outside of his jurisdiction does not make it so.

Because the pleadings show that the actions that Judges Nevarez, Evans, and Salvant took in the state civil case and family law case were within their capacities as district judges, they are entitled to absolute judicial immunity from Plaintiffs' claims in this case. *See* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court ... is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere."). Accordingly, Plaintiffs' claims against Judges Nevarez, Evans, and Salvant should be dismissed with prejudice. *See Devabhaktuni v. Godbey*, No. 3:19-cv-2215-K, 2019 WL 5068557, at *1 (N.D. Tex. Oct. 8, 2019) (adopting the findings of the magistrate judge, recommending dismissal of claims barred by judicial immunity with prejudice).

### D.   Any claims against Judges Nevarez, Evans, and Salvant for injunctive relief are insufficient.

Plaintiffs' complaint is unclear in the relief sought from each Defendant. While the title of the document is "Complaint for Injunctive Relief," they seek monetary damages from Cavalie specifically. ECF No. 1 at 6. Additionally, Plaintiffs seek "[a]n order enjoining and restraining Defendants from engaging in any further fraudulent activities related to the judicial process." *Id*.

To the extent Plaintiffs seek injunctive relief against the judges for civil fraud and conspiracy, judicial immunity does not bar prospective injunctive relief against a judicial officer acting in a judicial capacity. *See Pulliam v. Allen*, 466 U.S. 522, 536 (1984). But to state a claim for such relief, Plaintiffs must allege that they have no adequate remedy at law and that they are exposed to a serious risk of irreparable harm. *Id.* at 537.

Plaintiffs' complaint does not satisfy either requirement. Any of the rulings in previous and ongoing state cases are subject to the appeals process, which is legally adequate. *See Pleasant v. Sinz*, No. 9:15-cv-00166-MHS, 2016 WL 4613359, at \*4 (E.D. Tex. Aug. 5, 2016) (the appeals process provides an adequate remedy at law). Plaintiffs do not show a serious risk of irreparable harm in potentially appearing as a litigant before Judge Nevarez, Evans, or Salvant since future appearances are speculative. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (no irreparable harm exists when the likelihood of future encounters with the same judge are "speculative"). Plaintiffs' claims for injunctive relief against the judges therefore should be dismissed.

### E.     Sovereign immunity bars Plaintiffs' claims against Gustafson, TAMU, and TAMU's employees.

TAMU is entitled to Eleventh Amendment sovereign immunity against suit from Plaintiffs, and its employees, Rowden and Tilley, are entitled to Eleventh Amendment sovereign immunity for claims against them in their official capacity. Additionally, Gustafson is entitled to Eleventh Amendment sovereign immunity for claims against her in her official capacity. Although Gustafson does not argue this point in her Motion, sovereign immunity is jurisdictional and may be raised *sua sponte*. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 (5th Cir. 2002) (citing *Burge v. Parish of St. Tammany,* 187 F.3d 452, 465–66 (5th Cir.1999)).

Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). "The state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* "TAMU is inarguably an arm of the state entitled to sovereign immunity." *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't.*, No. 20-20503,

2022 WL 445172, at *3 (5th Cir. Feb. 14, 2022) (citing *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018)). Eleventh Amendment immunity also extends to state officials if the relief sought would operate against the state. *Pennhurst*, 465 U.S. at 101. While Plaintiffs do not state whether they are bringing claims against Rowden and Tilley in their individual or official capacities, all facts regarding these defendants reference their work for the TAMU Family and Veterans Advocacy Clinic. *See* ECF No. 1 at 16. Thus, it appears that Plaintiffs sue them in their official capacities as state officials.

Finally, the Fifth Circuit has long recognized that district attorneys are state officials entitled to Eleventh Amendment immunity. *See Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014) ("We agree with the district court that the Eleventh Amendment shields [the district attorney] from official-capacity liability."). Plaintiffs only address Gustafson by stating that she, along with Gutierrez and Franco, "[e]ngaged in unprofessional conduct that compromised the fairness of [Portalatin's] probation conditions." ECF No. 1 at 14. They further assert that on October 5, 6, and 26, 2022, "Gustafson and [Lebet] and [Ennis] [sic] adjusted [Portalatin's] GPS monitor setting improperly, undermining [his] rights." *Id*. Plaintiffs then merely label Gustafson as a "District Attorney." *Id*. at 15. Plaintiffs do not state whether they are bringing claims against Gustafson in her individual or official capacity, but they only address Gustafson in relation to her adjustment of Portalatin's GPS monitor. ECF No. 1 at 14. Accordingly, it also appears that Plaintiffs sue Gustafson in her official capacity as a state official.

However, there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267

(1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* allows only the granting of "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). "Determining if the exception applies involves 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quoting *Va. Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up)). Portalatin has alleged that the situation is an "ongoing dumpster fire," and seems to allege that the possession of his property, and the safety concerns regarding his children are ongoing violations. ECF No. 1 at 13-17. However, to the extent that these alleged ongoing violations result from the divorce proceeding, Plaintiffs seek retrospective relief in the form of injunctions against the State and its actors. *See* ECF No. 1 at 18. Any violations by TAMU and its employees seemingly result from the Final Divorce Decree. Further, Portalatin alleges no ongoing violation regarding his GPS monitor. The Fifth Circuit has refused to extend the reasoning of *Young* to claims for retrospective relief. *See Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Thus, the exception to Eleventh Amendment immunity under *Ex Parte Young* is unavailable to Plaintiffs on all claims under § 1983 against the State.

Plaintiffs neither pleaded nor directed the Court to authority showing that the State has waived immunity or consented to suit for Texas state law claims. Moreover, the State has not waived its Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009). The Supreme Court has expressly held that § 1983

does not abrogate a state's Eleventh Amendment immunity. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States[.]"). Accordingly, the Eleventh Amendment bars Plaintiffs' claims under § 1983 against the State.

TAMU, Rowden, and Tilley assert that they have not waived immunity to the suit. ECF Nos. 23 at 14; 24 at 10. Plaintiffs have not alleged or otherwise shown that Texas has waived its sovereign immunity as to the claims they assert against it. In the absence of such a waiver, the Court lacks subject matter jurisdiction over Plaintiffs' claims against TAMU, Rowden, Tilley, and Gustafson, and the Court should dismiss without prejudice Plaintiffs' claims against them for lack of subject matter jurisdiction.

Further, to the extent that Plaintiffs bring civil fraud and conspiracy claims under the Texas Tort Claims Act, the TTCA's limited waiver of sovereign and governmental immunity for certain tort claims expressly does not apply to claims "arising out of assault, battery, false imprisonment, or *any other intentional tort.*" Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added); *see also Swiat v. City of Fort Worth*, No. 4:10-cv-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (citing *LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas 2012, no pet.) (noting "[f]raud is an 'intentional tort' for which the TTCA provides no waiver of immunity")). Accordingly, TAMU, its employees, and Gustafson are immune from Plaintiffs' civil fraud and conspiracy claims under the TTCA.

Sovereign immunity is a jurisdictional bar. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Because the Court lacks subject matter

jurisdiction over Plaintiffs' claims against the State, the Court need not address the substantive points of the Motions that TAMU, Rowden, Tilley, and Gustafson filed under Rule 12(b)(6). *See Ramming*, 281 F.3d at 161.

> **F.   Qualified immunity bars Plaintiffs' § 1983 claims against Ennis, Franco, Lebet, Gutierrez, Rowden and Tilley.**

Ennis, Franco, Lebet, and Gutierrez all argue that they are entitled to qualified immunity against suit from Plaintiffs. ECF Nos. 39, 46. Rowden and Tilley also argue that they are entitled to qualified immunity to any claims against them in their individual capacities. ECF No. 24. "Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (internal citations omitted).

Ennis, Franco, and Lebet argue that "Plaintiffs do not even plead violations of their rights, instead they blanketly state that all 28 defendants violated their due process and equal protection rights but fail to elaborate on how or offer such factual allegations that could equate to a sufficient pleading." ECF No. 39 at 13. They further assert that even if Plaintiffs did sufficiently allege a constitutional violation, they "would still be entitled to qualified immunity as Plaintiffs fail to produce any clearly established law stating that the actions of Defendants violated such rights." *Id*. Gutierrez makes the same arguments. ECF No. 46 at 12-13.

When a defendant pleads the qualified immunity defense, a plaintiff's complaint must "state with precision and specificity" the basis for the claim which necessarily includes why the defendant official cannot successfully maintain the defense of immunity. *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999). The Fifth Circuit adheres to a "heightened pleading" standard in civil rights cases against government officials. *See Schultea v. Wood*, 47

F.3d 1427, 1433-34 (5th Cir. 1995) (en banc) (affirming the continuing validity of *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985)).

Plaintiffs have not sufficiently alleged facts to show that any of the defendants acted in a manner that was objectively unreasonable in the circumstances. Plaintiffs make only conclusory statements about the defendants' "fraud and manipulation of judicial processes" in relation to their constitutional rights and set forth no factual allegations to show that any defendants violated any clearly established constitutional right, or that their conduct was objectively unreasonable in the circumstances. ECF No. 1 at 5. Thus, Plaintiffs have not met their burden to overcome qualified immunity, and the Court should dismiss their § 1983 claims against Ennis, Franco, Lebet, Gutierrez, Rowden, and Tilley in their individual capacities with prejudice. *Reiter v. Treacy*, 220 F.3d 584 (5th Cir. 2000) (affirming dismissal of claims based on qualified immunity against defendants in their individual capacities with prejudice).

### G.    The attorney immunity doctrine shields the attorney defendants.

Plaintiffs plead that Defendants Haynes and Boone, Singleterry, Hernandez, Sabin, and Lambis "fraudulently file[d] an affidavit of service showing conspiracy between these individuals to defraud the court." *Id*. at 15. Defendants Haynes and Boone, Singleterry, Hernandez, and Sabin. ECF Nos. 14, 36. They assert that Plaintiffs "are attacking actions [they] took in the course and scope of their representation of Cavalie and [they] are entitled to attorney immunity for any claims arising from those actions." ECF No. 14 at 17. Lambis has not appeared in the case and did not respond to the claim against her, though the Court should dismiss the claims against her for the reasons stated in Section III. M. below.

Plaintiffs claim that Norris assisted Cavalie in "[creating] false documentation and misled the court to unlawfully appropriate property," and "[t]heir actions involved presenting falsified

ownership documents and misleading financial statements, exploiting judicial outcomes to transfer property ownership illegally." ECF No. 1 at 14. Norris argues that Plaintiffs' claims against him arise solely from actions he took in the scope of his representation of Cavalie, and thus, he is entitled to attorney immunity. ECF No. 36 at 18.

Attorney immunity protects the attorneys sued in this case from liability for actions they took in connection with their representation of a client in court. *See Ironshore Europe DAC*, 912 F.3d at 765. "Merely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney'" such that the attorney would not be immune. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d at 345 (internal citations omitted). Plaintiffs have alleged no facts to support their assertion of fraud, and they only assert that these defendants filed certain documents with the court, which are functions well within an attorney's scope of duties to the client. Dismissal with prejudice is appropriate for Plaintiffs' claims against Haynes and Boone, Hernandez, Sabin, Singleterry, and Norris because of attorney immunity, and further amendment on this point would be futile. *Id.* at 350 (dismissing the case based on attorney immunity with prejudice); *see also Ramirez v. Ferguson*, No. 3:23-cv-2618-X-BN, 2023 WL 9953441, at *2 (N.D. Tex. Dec. 1, 2023), *rec. adopted*, No. 3:23-cv-2618-X-BN, 2024 WL 922770 (N.D. Tex. Mar. 4, 2024).

### H.    Barreto fails to state a § 1983 claim against Gustafson.

To the extent that Plaintiffs bring their claims against Gustafson in her individual capacity, Barreto fails to state a cognizable § 1983 claim against her. To state a cognizable § 1983 claim against Gustafson, Plaintiffs must allege facts showing "two vital elements: (1) that [they] [have] been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2)

that the persons depriving [them] of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

Barreto's claims against Gustafson fall short under the first § 1983 element. Plaintiffs only address Gustafson by stating that she, along with Gutierrez and Franco, "[e]ngaged in unprofessional conduct that compromised the fairness of [Portalatin's] probation conditions." ECF No. 1 at 14. They further assert that on October 5, 6, and 26, 2022, "Gustafson and [Lebet] and [Ennis] [sic] adjusted [Portalatin's] GPS monitor setting improperly, undermining [his] rights." *Id.*

However, Barreto provides no facts or arguments to show that Gustafson violated his constitutional rights. The only facts concerning Gustafson center around the adjustment of Portalatin's ankle monitor. Barreto has not sufficiently alleged that Gustafson violated his rights or deprived him of any right. Accordingly, Barreto's § 1983 claims against Gustafson should be dismissed with prejudice for failure to state a cognizable claim.

### I.    The statute of limitations bars Portalatin's § 1983 claims against Gustafson.

There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Hous.*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). Consequently, courts borrow the forum state's general personal injury limitations period in such cases. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986)). Federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A § 1983 claim accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516. A plaintiff's awareness includes two elements: (1) the existence of the injury; and (2) causation, the connection

between the injury and the defendant's actions. *See Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992).

Portalatin claims that Gustafson violated his constitutional rights through the adjustment of his GPS monitor on several dates. ECF No. 1 at 14. Portalatin filed his complaint on November 27, 2024. ECF No. 1. Therefore, some act or omission of Gustafson must have occurred after November 27, 2022, for the statute of limitations not to bar Portalatin's § 1983 claim. Portalatin has failed to allege any wrongful act that occurred within two years of the date he filed the complaint. To the contrary, he states the exact dates of Gustafson's alleged wrongful acts, the last being on October 26, 2022. ECF No. 1 at 14. Consequently, the statute of limitations bars Portalatin's claims against Gustafson that arose more than two years before he filed his complaint.

Further, while Plaintiffs assert continuing constitutional violations in conclusory fashion, they do not allege facts showing ongoing violations, and even if they did, the continuing violations doctrine does not apply to § 1983 claims. *See Coffelt v. Davis*, 4:16-cv-933-A, 2016 WL 7235790, at *5 (N.D. Tex. Dec. 13, 2016); *Foddrill v. McManus*, No. SA-13-cv-00051-XR, 2013 WL 6198228, at *3 (W.D. Tex. Nov. 26, 2013). Accordingly, the Court should dismiss Portalatin's § 1983 claims against Gustafson under the two-year statute of limitations. *Perez v. Physician Assistant Bd.*, 765 F. App'x 960, 964 (5th Cir. 2019) (affirming that dismissal with prejudice was appropriate for time-barred § 1983 claims because the claims were "incurable").

### J. Plaintiffs do not allege state action against Exp Realty, Tierney Jordan, Walsh Jordan, or TJNG, which § 1983 requires.

Section 1983 creates a civil action against anyone who subjects another person within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," while acting "under color of" state law. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and [he or she] must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis in original) (internal quotation marks omitted) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiffs do not allege facts regarding these defendants but include them in the broad and collective claims for § 1983, fraud, and conspiracy. *See* ECF No. 1.

"[M]ere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." *Cornish*, 402 F.3d at 549 (cleaned up) (quoting *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), *cert. denied*, 543 U.S. 917 (2004)). To act under color of state law, the private actor's conduct that resulted in an alleged violation of a constitutional right must be "fairly attributable to the State." *Id.* (internal quotation marks omitted) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Further, courts "will not subject a merchant to § 1983 liability unless an officer has failed to perform independent investigation[.]" *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 750 (5th Cir. 2001) (collecting cases). Independent investigation includes "such indicators as an officer's interview of an employee, independent observation of a suspect, and the officer writing his own report." *Id.*

Here, even assuming Plaintiffs have alleged enough facts to assert a § 1983 claim, they do not allege how the actions of these defendants are attributable to the state. Plaintiffs make no mention of state action regarding these defendants, and do not even specify how they are involved in this case, the ongoing state case, or the previous divorce case. Accordingly, Plaintiffs do not allege a cognizable § 1983 claim, and Judge O'Connor should dismiss this claim against Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG. *See Randle v. PNC Fin. Servs. Grp.*, No. 4:23-cv-00263-O-BP, 2024 WL 646363, at *6 (N.D. Tex. Feb. 12, 2024), *rec. adopted,* No. 4:23-cv-

00263-O-BP, 2024 WL 1018538 (N.D. Tex. Mar. 8, 2024) (dismissing § 1983 claim with prejudice for failure to establish state action).

> **K.    The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Gustafson, Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG.**

In their complaint, Plaintiffs plead that the Court has jurisdiction under 28 U.S.C. § 1331, as their § 1983 claims arise under federal law, and that "[f]ederal jurisdiction is also appropriate due to the allegations concerning property theft and fraud that involve an interstate element, including the fraudulent attempts to steal property valued in excess of $350,000 from [Barreto] by means of false representations and perjury." ECF No. 1 at 3-4. In support of the latter assertion, Plaintiffs cite an unrelated Ninth Circuit case concerning federal preemption. *Id.* at 4 (citing *Gonzales v. Arizona*, 677 F.3d 383 (9th Cir. 2012)). Although the Court has federal question jurisdiction over Plaintiffs' § 1983 claims, Plaintiffs do not assert a proper jurisdictional basis for their fraud and conspiracy claims. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.").

Plaintiffs' remaining claims do not provide an independent basis for jurisdiction. There is no federal question jurisdiction as to Plaintiffs' remaining state law claims for fraud and conspiracy as they do not arise under federal law. Further, there is no diversity jurisdiction because Portalatin, as well as many of the defendants, are citizens of Texas. When a suit contains federal law and state law claims, the Court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie*, 255 F. Supp. 3d at 677 n.5 (citing 28 U.S.C. § 1367). However, the Court has the discretion to decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court should dismiss Plaintiffs' federal claims, it also should decline to exercise supplemental jurisdiction over their state-law claims and instead dismiss them without prejudice to Plaintiffs' right to bring them in an appropriate state court. *See Pennie*, 225 F. Supp. 3d at 677 n.5.

> **L.    The Court should abstain from considering Plaintiffs' claims concerning previous and ongoing state court cases.**

Even if Plaintiffs' claims against the Defendants survived the pending motions to dismiss, the Court should abstain from considering Plaintiffs' claims relating to the previous and ongoing state court cases. Plaintiffs ask the Court to stay ongoing state court proceedings and essentially question the actions of every individual involved in the current and previous state court cases. *See* ECF No. 1. To the extent that Plaintiffs attack the Final Divorce Decree between Cavalie and Portalatin, the Court lacks jurisdiction over such a collateral attack on a final state court judgment under the *Rooker-Feldman* doctrine. *Liedtke*, 18 F.3d at 317. "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). Plaintiffs' recourse in such cases is "with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court." *Liedtke,* 18 F.3d at 318.

"The *Rooker-Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment." *Morris v. Am. Home Mortg. Servicing, Inc*., 443 F. App'x 22, 24 (5th Cir. 2011) (citing *Exxon*, 544 U.S. at 291); *see also Liedtke*, 18 F.3d at 317. The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. Dismissals under the *Rooker-Feldman* doctrine should be without prejudice since the doctrine deprives the Court of subject matter jurisdiction over the plaintiff's claim. *Wise v. Wilmoth*, No. 3:16-cv-1039-M-BH, 2017 WL 3267924, at *5-6, *17 (N.D. Tex. July 3, 2017), *rec. adopted,* 2017 WL 3267727 (N.D. Tex. July 31, 2017). Because Plaintiffs' allegations specifically collaterally attack the final divorce decree in the state family law case and are "inextricably intertwined" with that judgment, Judge O'Connor should dismiss their claims under the *Rooker-Feldman* doctrine. *Shepherd*, 23 F.3d at 924.

The final divorce decree in the state family law proceeding is final for purposes of *Rooker-Feldman* because the state court entered it in June 2021, and the deadline for Portalatin to appeal to the state court of appeals has long since passed. Tex. R. App. P. 26.1(a); ECF No. 14 at 9-10. The Court judicially notes that Barreto filed a Request for Mandamus Relief regarding the divorce case in the Second Court of Appeals of Texas, which that court denied on November 10, 2021. *See* Texas Judicial Branch Case Search, https://search.txcourts.gov/Case.aspx?cn=02-21-00363-CV&coa= coa02 (last accessed June 27, 2025); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (holding that courts may take judicial notice of matters of public record); *see also* Fed. R. Evid. R. 201. The Court also judicially notes that Barreto or Portalatin filed three other Requests for Mandamus in the Second Court of Appeals regarding the divorce case, and the court denied the requests. *See* Texas Judicial Branch Case Search, https://search.txcourts.gov/CaseSearch.aspx?coa=coa02 (last accessed June 27, 2025).

The Court should abstain from exercising subject matter jurisdiction over the ongoing state case under the *Younger* doctrine. *See Younger,* 401 U.S. 37; *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019) (analyzing *Rooker-*

*Feldman* and *Younger* as alternative bases for dismissal for lack of subject matter jurisdiction), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy*, 168 F.3d at 737 n.1 (authorizing *sua sponte* abstention).

The Court takes judicial notice that Portalatin and Cavalie are parties to an ongoing family law proceeding in the 325th District Court of Tarrant County, Texas. *See* Cause No. 325-759290-24; *see also* ECF No. 14 at 9 and *Norris*, 500 F.3d at 461 n.9 (holding that courts may take judicial notice of matters of public record); *see also* Fed. R. Evid. R. 201. While Plaintiffs do not refer to this case specifically, they discuss ongoing state court proceedings and bring claims against Singleterry, Haynes and Boone, and several other defendants who are related to this ongoing case. *See generally* ECF No. 1.

The Court should abstain from exercising its jurisdiction to consider Plaintiffs' claims regarding the ongoing state case because all three conditions in *Younger* are met. Continuation of this case would interfere with the state court civil proceeding because the very relief Plaintiffs request interferes with the final divorce decree and subsequent related actions. ECF No. 1. Moreover, family law issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (emphasizing "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and

32

state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts."). Finally, the ongoing state court civil case, and the right to appeal an adverse judgment to the applicable state appellate court, afford Plaintiffs an adequate opportunity to litigate their claims. *See Middlesex Cty.*, 457 U.S. at 435. As a result, Plaintiffs have an adequate opportunity in state court to appeal any judgment in the ongoing state case or to seek injunctive relief from its enforcement.

Even though Plaintiffs do not directly request the Court to enjoin the final divorce decree, the effect of the stay and further "investigations" they request would effectively cause this Court to rule on the validity of an ongoing state court order. *See* ECF No. 1. Therefore, Plaintiffs must bring any constitutional questions regarding the validity of the property determinations, custody decisions, or any other issues resulting from the final divorce decree in state court as this Court should abstain from ruling under the *Younger* doctrine. On the facts presented here, and because Plaintiffs have not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining Plaintiffs' claims under *Younger* and dismiss their claims without prejudice. *See Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 86 (5th Cir. 1992) (stating that "[u]nder *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."); *see also Foster v. City of El Paso*, 308 F. App'x 811, at *1 (5th Cir. 2009) (dismissal under *Younger* abstention without prejudice).

**M.    The Court should dismiss Plaintiffs' claims against Lambis.**

Although Lambis has not appeared in this case "it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Lambis is similarly situated to the

other defendants here in that the Court should abstain from considering the claims against her based on *Rooker-Feldman* and *Younger*. Plaintiffs assert that Lambis, along with Singleterry, Hernandez, and Sabin, "fraudulently file[d] an affidavit of service showing conspiracy between these individuals to defraud the court." ECF No. 1 at 15. It appears that Lambis served a document in the ongoing state civil case since Plaintiffs label her as "Server." *Id*. Because Plaintiffs make similar claims against her as against all other defendants regarding the ongoing state court case, and she is similarly situated, and Judge O'Connor also should dismiss Plaintiffs' claims against Lambis. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.")

### N.   The Court should dismiss Plaintiffs' claims against Cavalie, Pricer, Owens, Caraballo, Hallmark, Herrera, and Morales without prejudice.

Dismissal without prejudice of Plaintiffs' claims against Cavalie, Pricer, Owens, Caraballo, Hallmark, Herrera, and Morales is appropriate because Plaintiffs did not timely serve them with process. A plaintiff has ninety days to serve a defendant with the summons and copy of the citation after he files his complaint. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant in a timely fashion, the Court may dismiss the action without prejudice against the unserved defendant. *Id*. The file does not reflect that Plaintiffs served the above Defendants with the summons and a copy of the complaint at any time.

Rule 4(m) provides that dismissal for failure to timely serve should be without prejudice

and only with notice to the plaintiff. *Id*. Here, the Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to perfect service upon Defendants. ECF No. 47. Plaintiffs never showed cause why they did not perfect service upon these defendants, filed proof of serving them, or sought an extension of time to serve them. Under these circumstances, Judge O'Connor should dismiss Plaintiffs' claims against Cavalie, Pricer, Owens, Caraballo, Hallmark, Herrera, and Morales without prejudice under Rule 4(m).

## IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor (1) **GRANT** the Motions to Dismiss (ECF Nos. 14, 23, 24, 28, 30, 36, 39, 41, 46), and (2) **DISMISS** Plaintiffs' claims for violation of criminal statutes; (3) **DISMISS** Plaintiffs' claims against Judge Nevarez, Judge Evans, Judge Salvant, Haynes and Boone, Hernandez, Sabin, Singleterry, and Norris; (4) **DISMISS** Plaintiffs' claims against TAMU and Plaintiffs' claims against Rowden, Tilley, and Gustafson in their official capacities **WITHOUT PREJUDICE**; (5) **DISMISS** Plaintiffs' claims against Ennis, Franco, Lebet, Gutierrez, Rowden, and Tilley in their individual capacities; (6) **DISMISS** Plaintiffs' § 1983 claims against Gustafson, Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG; (7) **DECLINE** to exercise supplemental jurisdiction over Plaintiffs' state law claims against Gustafson, Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG, and **DISMISS** those claims **WITHOUT PREJUDICE**; (8) **ABSTAIN** from exercising jurisdiction over Plaintiffs' claims concerning any previous and ongoing state court case involving Plaintiffs and Cavalie, and **DISMISS** those claims **WITHOUT PREJUDICE;** (9) **DISMISS** Plaintiff's claims against Lambis **WITHOUT PREJUDICE**; and (10) **DISMISS** Plaintiffs' claims against Cavalie, Pricer, Owens, Caraballo, Hallmark, Herrera, and Morales **WITHOUT PREJUDICE**.

The Court should dismiss the following claims **without leave to amend** because any amendment would be futile. (1) Judicial immunity bars Plaintiffs' claims against Judges Nevarez, Evans, and Salvant. (2) Attorney immunity bars Plaintiffs' claims against Haynes and Boone, Hernandez, Sabin, Singleterry, and Norris. (3) Plaintiffs' § 1983 claims against Exp Realty, Tierney Jordan, Walsh Jordan, and TJNG are legally impermissible because those defendants are not state actors. (4) Plaintiff Portalatin's § 1983 claim against Gustafson is time-barred. (5) Plaintiffs' claims for violation of criminal statutes cannot be cured by amendment because Plaintiffs cannot assert violations of criminal statutes as a basis for civil liability.

The Court should dismiss the following claims **without leave to amend** because the Plaintiffs have pleaded their best case: Plaintiffs' claims against Ennis, Franco, Lebet, Gutierrez, Rowden, and Tilley in their individual capacities because they are barred by qualified immunity; and Plaintiff Baretto's § 1983 claim against Gustafson.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1)

(extending the time to file objections to 14 days).

      **SIGNED** on June 27, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE